A defendant seeking to vacate a default in appearing or answering must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action (see CPLR 5015 [a] [1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]; Gray v B. R. Trucking Co., 59 NY2d 649, 650 [1983]; Deutsche Bank Natl. Trust Co. v Gutierrez, 102 AD3d 825 [2013]; Arias v First Presbyt. Church in Jamaica, 100 AD3d 940, 941 [2012]). The defendant’s unsubstantiated assertions that she engaged in a telephone conversation with the plaintiffs attorney in an effort to avert litigation and that she could not initially afford an attorney did not constitute a reasonable excuse for her failure to appear or answer (see U.S. Bank N.A. v Slavinski, 78 AD3d 1167 [2010]; O’Donnell v Frangakis, 76 AD3d 999, 1000 [2010]; Matter of Nieto, 70 AD3d 831, 832 [2010]; Fattarusso v Levco Am. Improvement Corp., 144 AD2d 626, 627 [1988]). Since the defendant failed to demonstrate a reasonable excuse for her default, the Supreme Court properly denied her motion to vacate the order dated November 1, 2010, which granted the plaintiff leave to enter a judgment on the issue of liability. Contrary to the defendant’s contention, the plaintiffs alleged failure to file a verification or affidavit of the facts constituting the claim in support of his motion for leave to enter a default judgment pursuant to CPLR 3215 (f) does not relieve the defendant of her burden under CPLR 5015 (a) (1) or otherwise constitute a basis for vacatur of the November 1, 2010, order (see Manhattan Telecom. Corp. v H & A Locksmith, Inc., 21 NY3d 200, 203-204 [2013]; Zaidman v Zaidman, 90 AD3d 1035, 1036 [2011]). Rivera, J.P., Hall, Roman and Cohen, JJ., concur.